Our next case this morning is Cline v. Clinical Perfusion Systems, number 225107. Mr. Bingham, you may proceed. May it please the court, I'm Don Bingham. I represent Charles Cline. Mr. Cline was a, and still is, a respected perfusionist. He was not able to work for four months. Five weeks into that period, while he was in ICU, his employer announced to his wife that his employment was being terminated. He gave a false reason for it. Mr. Cline alleges that in his... What weight do we give to the fact that false reason might have been given? Well, for pleading purposes, of course, it's taken as true. Do we have any case law? All I want is a case. Just type me a case. Yes, sir. I've addressed it extensively in my briefs, several cases, including from this court. Give me your best case on that. Yes, sir, may I have just a moment here? Well, I don't want you, no, I don't want to take your time to research. I apologize. Yes, sir. Mandacity on the court, certainly at summary judgment also, and certainly at trial, you've affirmed a verdict in favor of a plaintiff where the employer's reason was found to be false by the jurors, and that certainly tends to make a submissive case and would be taken as true for purposes of the 12B6... Well, this was a dismissal of the complaint. This wasn't a summary judgment. That is correct. Mr. Cline alleges a failure to accommodate claim and regarded as a violation. On the failure to accommodate claim, he alleged in the First Amendment complaint that at the time he was terminated, there was a reasonable accommodation, and that was job protective leave for a period of six months, not to exceed six months, because in the circuit, every circuit I've read, it's per se unreasonable, and the district court found that if you're... Did the complaint allege that he asked for reasonable accommodation of less than six months of job protected leave? He was in ICU. He was intubated. He was heavily sedated. He did not make a request for termination. He didn't know that he needed to make that request that time. He was unconscious most of the time. His wife and he did not know that he needed to request accommodation because they didn't know that his job was in jeopardy, but you're familiar with the case law that says when a disability is obvious, the need for accommodation is just obvious. It revolves on the employer to make an inquiry. No inquiry was made either of the clients or of their physicians to say, you know, what's your prognosis? How much more time off work will it take? You alleged in your complaint though that at the time of the termination that all the parties expected that he would have to be off work for more than six months. We did allege that with regard to this theory. Okay, so if everybody was in agreement that he was going to be off for more than six months, then what was the accommodation? I mean, other than just being nice, what was their legal duty to accommodate that? We allege that in the alternative and the district court correctly found that these are contradictory positions. These are irreconcilable facts. We allege on the one hand that the expected duration of his impairment was greater than six months and there was no reasonable accommodation for that, but we allege that under regarded as theory where reasonable accommodation is not a theory, but under the failure to accommodate claim, we allege that a reasonable period of time, which again in this circuit it's clearly established that that means fewer than six months. You never said that though. I'm sorry? I think our case law requires you to be very explicit about how long is of accommodation is needed and you never said that. You're now telling us, well, we asked for a claim under the Rehabilitation Act and there was a six month limitation on it, so it'd be obvious that we wanted something less than six months, but we require more than that. We require an express statement of how much time you're going to need and we don't require the people to run to the law books and draw inferences of how much time you're going to need. You have to state a fact. How much time do you need? And I don't think there was ever a statement about how much time they wanted for while he was on disability. Is that correct? Yes, sir. In applying this work, as you know, said it almost goes without saying that anything over six months is unreasonable. So in alleging that six months would have been an effective accommodation, which we did allege, that means we allege. But in the dispute with the company, you never said, your client representatives never said, we want six months and he'll be back within six months. Nobody knew because you didn't know. We believe that if the physicians had been asked by the employer that they would have been told, we think that he can be... How can you charge the employer with something that was never presented to the employer? The employer wasn't sitting in there with the doctor's consults. They monitored him in the ICU. They knew that he was incapacitated. He literally was physically unable to make a request. It was obvious that he needed some accommodation. It was the employer's obligation to ask the physicians at that point or the family, Ms. Pardini, the wife, can you tell us how long he will need to be off work? To make that inquiry, since he himself could not say, let me check with the doctors, and I might emphasize, we allege this, he had no reason to know that his job was in jeopardy. We allege that Ms. Pardini was shocked when she was told he's being terminated. If they had been put on notice, you know, you need to find out for us and let us know how long is this going to take. We've got to make some plans. But he wasn't physically able to do that, had no reason to know that that was something he needed to do, nor did his wife know that they needed. Again, these are medical professionals that own this. They're profusionists also. They certainly could have approached Ms. Pardini and said, look, we know Charles is intubated. He's unconscious. He's sedated 20 hours a day. Would you give us permission to talk to his attending physician here so we can find out, you know, is he going to recover at all? And if so, when? They never made that attempt to. They simply terminated him. And that's not engaging in the interactive process. And let me be clear, we're not, we understand that failure to engage in an interactive process, per se, is not a violation of the ADA or the Redefined Act or the Oklahoma Anti-Discrimination Act. But it certainly bespeaks an intent to not make any attempt to find out what that accommodation is or to at least notify the employee, you're going to need to tell us this. And because they couldn't directly address Mr. Khan to make that request, they certainly could have made that request to Ms. Pardini. And instead, they called her on the phone and said, your husband's been terminated. And... Well, all we have as far as what they knew was that you alleged in your complaint that, and I'm looking at it right in front of me, when employer made the decision to discharge Klein, the expected duration of the impairments was more than six months. And so then, I mean, that's the only temporal explanation in the complaint as to how long he needed an accommodation for. And later in the complaint, you say he needed a reasonable accommodation, but almost by definition, his accommodation is going to have to be more than six months because he was already terminated. I mean, everybody thought he was going to be out for more than six months. He's terminated. I mean... I don't believe... I don't know how we review what would be reasonable. I think that we've alleged that, as a matter of fact, that the expected duration, and by alleging that six months, for fewer than six months would have successfully accommodated him, we're alleging that the expected duration of his impairment would have been less than six months. Yeah, but that's after the fact, right? The evidence that the doctor said he could go back to work before six months was up was after he was already terminated. And he had... I mean, he had been terminated for a while. By the time his throat healed up, he quit using a feeding tube, they took out the tracheotomy, all that stuff. 90 days after May 3rd, the date, he was fully cleared to return to work without restriction full-time. Right. So when they terminated him, they were operating on information that may have been incorrect as it turns out in hindsight, but what we know today is that in the complaint it was alleged that they understood he would be out for more than six months. I believe that the district court, and I said this in my reply brief, the district court got it right. The district court understood that we were alleging a duration longer than six months and that the duration would have been fewer than six months. And the court said that that was inconsistent sets of facts. That's on footnote nine of the district court's opinion at appendix 139. So the district court understood that we were alleging that it would have been fewer than six months. The district court alleged also that, and I agree, we alleged an inconsistent set of facts that the duration would have been longer than six months. We're entitled to find out which of those would have been the prognosis for this person. You go ahead and finish your answer first. Well, and the employer had no information. It's not like the employer acted on inadequate information or we were alleging a mistake. The employer had no information and made no attempt to find out what the expected duration was. That's not alleged in here. That's not in the complaint. That's argument, right? I believe I alleged more than once that the employer made no effort to find out. Yes, sir. Go ahead. I may be wrong. Well, I, your honor, I felt. It's a passionate argument. But no, sir. I apologize, but I, I represent to the court that we said in there explicitly in the first committee complaint, the employer made no effort whatsoever to learn expected duration or when he would recover. That's a factual allegation, obviously. Whose obligation is it to make that statement? I'm sorry. Whose obligation is it to make the statement about how long he will need before he can return to work? The employer has an obligation to determine whether or not a reasonable accommodation exists at that time when they're considering the employment. But who has the obligation to come forward with the facts upon which the employer might make that determination? If the employee has an opportunity, the employee must say, look, here's how long I'll be out. Or here's a medical release. Check with my doctors and find out how long. So the employee must either make that information available to the employer or, or provide it to the employer so the employer can make an informed decision. In this case, Mr. Klein just wasn't physically able to do that. Ms. Pardini didn't know that she was supposed to calculate or find out or discover the expected duration. And the employer itself made no effort to do that. And I, again, the district court saw the tension here. On one hand, you're saying the duration, that six months leave would have done it, less than six months. On the other hand, you're saying the expected duration is more than six months. And, and the district court said you can't have it both ways. We cited several cases. And I'm sorry you asked me, but I couldn't cite them, but several cases in this circuit, in this court, in which the court said you're entitled to not only inconsistent and alternative and contradictory theories of liability, but also inconsistent contradictory facts, at least at the pleading stage. You may have to face the music on summary judgment. May, when you get to trial, the pretrial conference, you may have to, it's certainly going to be tested. You can't get a double recovery. And I see I only have a little minute left. If I may address the age of discrimination, unless again, you have some additional questions. Please do. We put, we pleaded all the age-related facts we had. Mr. Klein was 61. He didn't realize it, but while he was unconscious in ICU, the employer hired two new profusionists, both of whom were far younger, far less experienced than he was. And then they gave the false reason. They said it was financial. We allege that's false, and we have reason to believe that. And finally, he was the only one terminated in the year 2021 when all this happened. And even when he went back, he was fully cleared by his physician, a cardiovascular surgeon, saying, you're cleared to return to work with Klein without restriction, work full time. He went back and said, hey, I'd like to go back to work. And the answer was no. He even offered to take a lesser position. And the employer said no, and retained a much younger employee. How do you think the district court got that wrong then on the age factor? This is a district court that I have the utmost respect for. And I can tell you that we pleaded the specific facts that we know, every single one of them. And I think, taken collectively, that they would support an inference that age was the sole factor. And if it was the sole factor, or if disability was a factor, then he can't recover under the age discrimination cases because he's got to prove it's the sole factor. But in the alternative, a jury could find, and I know we're not at the summary judgment stage, but if these facts were proven, taken collectively, they would support an inference that age was the sole factor in the case. Good morning to the panel, and may it please the court. My name is Miles McFadden, and I represent the defendant, Annapolis Clinical Perfusion Systems, Inc. Clinical Perfusion Systems is a small employer based in Tulsa, Oklahoma. They have a handful of employees, and they are not of a size that would subject them to the Americans with Disabilities Act. So a plaintiff, in this matter, has brought a suit under the Rehabilitation Act and the Oklahoma Anti-Discrimination Act, along with the Affordable Care Act. And there are two issues before the court today, whether the district court properly dismissed the plaintiff's amended complaint or failure to state a disability discrimination claim, when the only factual allegation concerning the expected duration of plaintiff's impairment was that it was expected to last more than six months, and the only accommodation available was leave. Where does the complaint allege that the plaintiff or the plaintiff's representatives told the employer that it was going to last more than six months, and more than six months from when? I thought the six-month time was measured from when he was terminated. They didn't know when he would be terminated, but they would certainly know he hadn't been terminated by the, you know, while he was, before he was terminated. So that's when they would have had the obligation, potentially, to state how long the rehabilitation would need, be needed. Judge Uvell, the specific factual allegation at issue is the plaintiff alleged that when the employer made the decision to discharge fine, the expected duration of the impairments was more than six months, and the impetus was on the plaintiff at that time to specify a time period for leave that they would request. So when you're terminated, the disabled person has to say, well, I just, just for the record, I want you to know that I'll be back in five months and 10 days or something. Well, that's when the employer made the decision to discharge client. That's the specific factual allegation that's at issue in this matter, and the expected duration at that time when the employer made the decision was more than six months. I think the reasonable inference is that you should make that request when you're requesting the accommodation, and the specific factual allegation in the complaint was that Ms. Pardini, plaintiff's wife at the time, made the request for clinical profusion to hold his job opening, his job open during the time that he was recovering from this condition. And it's, the impetus is on the plaintiff to establish the anticipated duration. The Hudson versus MCI Telecom case and the Punt versus Kelly Services case, both relied on by the district court, speak to the fact that without the expected duration of the impairment, the employer cannot evaluate whether the request for leave is reasonable, and that must be done at the time that the request is made. Well, just maybe to frame it further, so on the one hand, does the plaintiff here have an obligation to inform the employer about the expected duration of the impairment as a requirement for the claim, or does the employer have some obligation to gather information about the duration before terminating? I would bet that, Your Honor, the Tenth Circuit case law on this point is very clear that the employee has the burden of establishing the anticipated duration of the leave request. And the employee must establish the expected duration of the requested leave to establish when the employee is likely to resume his regular duties. But isn't there an interactivity obligation here, where the employer might say, look, we need to know how much disability, when you think this, when the medical evidence is that this guy will be able to return to work? Generally, yes, there is an obligation for employers to engage in an interactive process. That's not always the case. And in this case, with an estimated duration of leave that was more than six months, and the only accommodation that could have worked for this particular plaintiff was leave for that time period. Who made that estimation that it would be more than six months? That is just the allegation that is in the complaint, Your Honor. I don't know who made that determination. Well, the question isn't, you know, some private estimation by the plaintiff or the plaintiff's wife. The question is, what was told to the employer and what the employer did in the interactive process to help ensure that it had a good idea of how much disability time off was needed. The specific allegation of the complaint is that the employer made the decision to discharge the estimated duration of the impairment was more than six months. It seems as though that the more than six months at the time that he was let go. At this point, he'd already been disabled and in the hospital, unable to take care of himself for an extended period of time, during which time our client continued to pay him while he was in the hospital until it became clear that it was going to be an extended duration before he could come back to work. And as alleged in the complaint, when informed that the expected duration of the impairments was more than six months, the decision was made to let Mr. Klein go. Well, what triggers the obligation to engage in the interactive process? Generally, it can be one of two things, Your Honor. It could be a specific request from the employee itself or somebody on his behalf, or it could be such a clear and obvious condition to the employer that the employer could begin that conversation. In this case, might have been a little bit of both. We do have a specific allegation that plaintiff's wife asked for plaintiff's job to be held open, which could be construed as a request for an accommodator. Could I just ask you about that in terms of timing? Was he fired? I think he was fired a little over a month after the medical emergency. Is that correct? Yes, it was May the 3rd of 2021. The medical emergency occurred on March 27th. And then Ms. Pardini, when did she make this request? Was it before or after the firing? The way that the complaint alleges it, Your Honor, it seems to be at the same time. Plaintiff's wife asked for plaintiff's job to be held open when his wife was informed about termination on May the 3rd. And how do you respond to counsel's argument that the complaint alleges that your client made no effort to obtain information about the duration of the impairment? Well, I think that's underlined by the specific factual allegation that the plaintiff does make in this case, which is that the anticipated duration was more than six months. And to that only fact that appears in the complaint. Well, I think the way the questioning has unfolded this morning, though, is that allegation may, about the six months, is there in paragraph 40 of the complaint. But what isn't there is what the employer knew or whether the employer even inquired. And I think what Mr. Brangham was arguing is that later in the complaint, there are allegations to the effect that the employer just didn't make any effort to find out about the duration of impairment. But I'm asking you if that's how you read the complaint. Actually, it's not, Your Honor. I don't believe that there is an allegation in the complaint concerning the employer's obligation to engage with him to learn of those facts. I don't believe that is in the complaint, Your Honor. The specific factual allegation is that the parties were operating under the assumption that the impairment was going to last more than six months. And since that is the case, the Hawaii versus Kansas State University decision issued by Justice Gorsuch of this court before he joined the Supreme Court is directly on point. And his observations in that case, that it perhaps goes without saying that an employee who isn't capable of working for so long is an employee capable of performing a job's essential functions is directly on point of this matter. And two, what weight should be given to the fact that the employer arguably gave an incorrect statement about why he was being let go, that it was for downsizing when in fact they had hired replacement people? Should there be any inferences? I mean, I'm not saying that it in fact is false. That'll have to be for trial if we had one. But just assume for a moment that there's evidence that it was not accurate. This argument arose during the age discrimination claim. And in addition, well, at first blush, the allegation that the stated reason for the termination was false is just that. It's a conclusory allegation. There's no factual support to that statement. There is no reasoning for why the statement was false. And under this court's prior case law, it has to go beyond just disbelieving the employer's reason for the termination. So you must also allege that the discrimination is the reason for the termination. Simply disbelieving the employer is insufficient. That comes from the Miller versus Ebi Realty Group case, 2005 case from this court. Discrimination must be the determining factor. And to that point, the district court correctly found that it was not the determining factor with respect to the plaintiff's age discrimination case. One of the elements of the plaintiff's age discrimination case is that the discrimination must be the but-for reason for the termination from the Gross versus FBL case announced from the Supreme Court. The district court properly found that there was no nexus or causal connection between raising an inference that age was the contributing factor of the decision to terminate him. And nothing in the plaintiff's amended complaint satisfies the requirement or demonstrates the causal connection between plaintiff's age and his termination. The district court did note that there are extensive allegations in the complaint concerning plaintiff's disability. However, there was not an extensive allegation in the complaint concerning the age discrimination. The age discrimination allegations were limited to the fact that plaintiff was 61 years old, that they had recently hired and were in the process of hiring two other individuals to work as perfusionists, and that the plaintiff denied that clinical perfusion needed to terminate one of the other employees due to the financial condition. So in making those observations about the extensive nature of the allegations concerning the disability claim, the district court was So can you tell me this, where in the complaint is it alleged that there was a false reason given for termination? Do you know the paragraph? I'm not sure I've got the exact paragraph. You're confident, I'm just wondering because I looked at the, I didn't see the false, this sort of caught me out in left field because I didn't see the false out, false reason allegation in the complaint itself. I saw it as far as a argument in some district court briefing, but I didn't see it in the complaint. I do know that plaintiff had raised it as an argument in the district court briefing and again on appeal. I do not recall if it was specifically an issue raised in the complaint. Okay. And with that, we would respectfully request that this court affirm the district court's judgment dismissing all of plaintiff's claims. Thank you. Thank you, counsel. I don't believe there was any rebuttal time. With that, we will consider the case submitted and counsel are excused. Thank you for your arguments this morning.